ANDREW JORDAN & LEWIS W. HOLMES vs. SEBASTIAN R. POSEY.

A warrant of attorney omitted by accident to be filed with the judgment record, which was entered up on bond and warrant of attorney, may be filed nunc pro tunc, as of the day judgment was filed and docketed. A stipulation in a warrant of attorney, signed by defendant, that an execution may issue immediately and be made returnable forthwith, is conclusive upon the defendant, where the execution is made returnable in twenty days.

*Motion by defendant to vacate and set aside the judgment and execution in this cause; or in case that is not granted, that the amount directed to be levied by said execution be reduced $490·00.*--- From the defendant's affidavit it appears the parties in this cause are merchants, and reside in the city of New York. The defendant in October last for the first purchased a bill of goods of plaintiffs, having first been solicited by one of plaintiffs' clerks (who was an acquaintance of defendant's); that subsequently, during the months of October and November, he purchased of plaintiffs five more bills of goods, amounting in all to over $700. Defendant supposed he purchased all except the first bill on ninety days' credit; the first, was sixty days. Shortly after the 23d January last, defendant and Jordan, one of the plaintiffs, had a conversation about their matters, when Jordan proposed to defendant to give plaintiffs a guaranty (as defendant understood), and they would sell him more goods, that he might increase his stock and do a better business; that they would sell him cheaper than he could buy any where else: and on the 27th January last defendant called at plaintiffs' store, when Jordan handed defendant

two papers to sign, saying they were the guaranty (as the defendant understood). Jordan read a part of the papers to defendant, which stated it was to secure the sum of $589 due, and such further sums as should become due to plaintiffs. Defendant did not read the papers, but signed them upon the representation of said Jordan that it was a guaranty to secure them up to the amount of $2000; and if his account got up to $2000, additional papers would be required. Defendant, on the same day and day following, purchased two additional bills of goods, amounting to about $116, on the same length of credit as before. On the 31st January last, one of the deputy sheriffs of the city and county of New-York levied upon defendant's stock of goods, under an execution in favor of plaintiffs, and still retains possession of them. Defendant learned that a judgment was docketed in this cause on the 31st day of January last, for $2000 debt and $14·00 damages and costs; that on the same day a writ of fieri facias was issued and delivered to the sheriff, by which he was directed to levy $719·49, besides interest and fees. Defendant alleges that he was ignorant of the nature of the papers which he gave plaintiffs, and was not aware that they authorized the entering up of a judgment and the issuing of an execution against him. Defendant also alleges that the credit for some of the bills had not expired at the time of such levy. That the papers signed by defendant, and called by plaintiffs a guaranty, were so signed upon the express understanding and agreement on the part of plaintiffs that they were to go on and furnish defendant with goods upon credit, to such amount as he should require, not exceeding $2000. That the judgment has been procured by fraud and misrepresentation, and the execution issued in violation of good faith. Smith Barker, the attorney for defendant, states in his affidavit that he has examined the record of judgment in this cause, and it appears it was docketed on the 31st January 1845, upon a bond executed by the defendant to the plaintiffs, bearing date January 27th, 1845, in the penal sum of $2000, conditioned for the payment of $589, and such other sums as may become due. That there is no warrant of attorney filed with said record. That on examination of the writ of fi. fa. issued in this cause, the name of A. Warner is signed thereto as clerk of this court: no other name appears on said writ as clerk. That on examination, he finds there is no transcript of the judgment filed with the clerk of the city and county of New York. Defendant Posey swears in addition, that after the order to stay proceedings under the writ of fi. fa. in this cause was granted; and before the service of the notice of this motion, plaintiffs'

attorney countermanded said writ and issued another fi. fa., by virtue of which the sheriff has levied upon the same property. By the copy annexed of the second fi. fa. it appears that it is made returnable in *twenty days* from the receipt thereof by the sheriff, and is signed with the names of the clerks of this court. William J. Masterton, of the firm of Bates & Masterton, in said city of New York, in an affidavit made by him, for another motion in his behalf, states that Bates & Masterton recovered a judgment in this court against the above defendant for $1,092 debt, and $17·25 damages and costs, on the 6th February last ; they issued a writ of fi. fa. same day and delivered it to the sheriff of the city and county of New York, by said writ he was directed to levy the sum of $557·25. He has been informed that shortly prior to the delivery of said fi. fa. to the sheriff and on the same day a writ of fi. fa was delivered to the sheriff in this cause, by virtue of said writ of fi. fa. a stock of dry goods belonging to the defendant, valued at about $800 has been levied upon, which amount, if applied on the fi. fa, in this cause, will be the means of a loss to Bates & Masterton of their debt. Masterton alleges as grounds for this motion the same facts in regard to the judgment and execution in this cause as is stated in the affidavits used by defendant on his motion above mentioned, to wit, that there is no warrant of attorney filed with the judgment record, authorizing the entry of said judgment, or has yet been filed; and that the fi. fa. issued upon said judgment is made returnable in *twenty days*, and that the judgment was obtained by false and fraudulent representations. Bates & Masterton by Smith Barker their attorney move to vacate and set aside the fi. fa. in this cause ; and in case that is not granted, then, that the sheriff be directed to satisfy their execution first out of the defendant's property. And they gave plaintiffs notice they should read the defendant's moving papers in addition, in support of their motion. Jordan & Holmes, the plaintiffs in the above cause, first move for leave to file the warrant of attorney in this cause, as of the day judgment was entered *nunc pro tunc*. On an affidavit of Jared Sparks, who states that he is an attorney at law, and is in the office of W. W. Campbell, Esqr., the attorney for plaintiffs, he on behalf of plaintiffs' attorney on the 31st January last, entered up a judgment on bond and warrant of attorney. against the above defendant, and accidentally omitted to file the warrant of attorney in this cause; he did not discover the omission until a few days after judgment was entered. Plaintiffs cited 2 *R. S., p.* 344, §7 ; 3 *Cow.*, 39 ; 2 *Cow.*, 410 ; 14 *T. R.*, 219 ; 3 *J. R.*, 526 ; *Clerke's Digest of Reports*, 94, 5 *and* 6 ; 1 *R. Laws*, 118, §6, 416, §3 ; 2 *R. S.*, 283, § 10, *sub.* 1

*and* 2. And submits that under these authorities the amendment should be allowed, and the judgment should not be disturbed, and a priority to later judgment creditors given, unless the judgment was procured by *fraud.* On that point the plaintiffs produce an affidavit of Andrew Jordan, one of the plaintiffs, who states, that the several bills of goods were not sold on a credit of ninety days, no time of credit was mentioned in relation to any, except the bills of October 8th and 10th, which were sold on a credit of sixty days ; no time was mentioned in relation to the others, but plaintiffs supposed the credit would in no case extend beyond sixty days. At the times of the several sales, the defendant represented himself as being solvent, that his stock and money were fully adequate to meet all his liabilities. Some time in January last defendant was desirous to enlarge his stock, and plaintiffs were disposed to aid him, if they could be secured for the past and the future sums, he might become indebted, and would sell him goods at a small profit, provided they were so secured. It was then agreed that plaintiffs should have the necessary papers prepared, which was done, to wit, a bond in the penal sum of $2,000, conditioned for the sum of $589, and for such other sums as might become due, which was accompanied with a warrant of attorney in due form, authorizing in addition to the usual authority, that an execution might be issued and returned forthwith. Plaintiffs submitted the papers to defendant, read the bond to him, and fully and particularly explained the nature and object of the warrant of attorney; defendant then signed them, after stating that he perfectly understood them. Plaintiff denies using the word " guaranty" at all in conversation with defendant about security. It was particularly stated to defendant that the object of the bond was to give plaintiffs a security for present and future indebtedness. Defendant observed to plaintiff at the time the papers were executed, he hoped plaintiffs would not close him up immediately ; plaintiff in reply stated, that from defendant's representations he did not suppose it would be necessary, otherwise, he would have nothing to do with it. Defendant understood and consented the bills should be due at any time after delivery, and that plaintiffs had a right to close up the judgment as their security. Two other bills of goods were sold to defendant after the security was taken, soon after the delivery thereof plaintiffs ascertained from examination that defendant's stock and means of payment were insufficient to pay his liabilities already incurred, by several hundred dollars. In consequence of defendant's misrepsesentation plaintiffs became alarmed for the safety of their claim, and on the 31st January last, had judgment entered, execution issued and levied as

before stated. Plaintiff has been informed that the amount of property levied upon, is estimated at about $1,000, and the amount of defendant's indebtedness is over $2,300. Defendant on the 6th February last executed another bond and warrant of attorney to Bates & Masterton, and judgment was entered and execution issued as before mentioned, with a full knowledge of the proceedings of plaintiffs. Jordan's affidavit is sustained in all the material facts, by the affidavits of three different individuals. A copy of the warrant of attorney is annexed to plaintiff's papers by which it appears that there is a clause inserted authorizing the issuing of an execution immediately after entering judgment, and that the same be made returnable forthwith.

P. Gansevoort, *Counsel for deft and for Bates & Masterton.*

Smith Barker, *Atty for deft and for Bates & Masterton.*

W. W. Campbell, *Plff's Counsel.* W. W. Campbell, *Atty for Plff's.*

Beardsley, Justice.—Had no doubt about allowing the warrant of attorney to be filed nunc pro tunc, the authorities are full on that point; his only hesitation was, as to the return of the execution in twenty days; but on examining the copy of the warrant of attorney produced, it appeared that the stipulation therein, signed by defendant, was full and sufficient on that point; it allowed the execution to be issued immediately after entering judgment, *and that the same be made returnable forthwith.* The question of fraud is fully met and explained by the opposing affidavits.

*Decision.*—Defendant's motion *denied,* without costs. Bates & Masterton's motion *denied,* without costs ; and plaintiff's motion *granted,* without costs.

Rules accordingly.